1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ALVINO GUARDIOLA-HERNANDEZ,

10

Petitioner,

11

v.

12

NEIL CLARK, et al.,

13

Respondents.

14

CASE NO.  C06-1707-MJP-MJB

REPORT AND
RECOMMENDATION

15

I.  INTRODUCTION AND SUMMARY CONCLUSION

16

On November 24, 2006, petitioner Alvino Guardiola-Hernandez, proceeding *pro se*,

17

filed a "Petition for Writ of Habeas Corpus and Motion for Emergency Stay Pending the

18

Mandate of the Court, Motion for Alternate Relief of Audita Querela," challenging his final

19

order of removal entered by the Board of Immigration Appeals on November 2, 2006.  (Dkt.

20

#1, Ex. 1).  Petitioner argues that it was error for his former counsel to admit that his

21

conviction for delivery of a controlled substance in violation of Oregon Revised Statute §

22

475.992(1)(b) qualifies as an aggravated felony and renders him ineligible for any form of

23

relief, including asylum and cancellation of removal.  Petitioner requests that the Court reopen

24

25

REPORT AND RECOMMENDATION
PAGE – 1

26

his immigration proceedings based upon a claim of ineffective assistance of counsel.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be DENIED for lack of jurisdiction.

## II.  DISCUSSION

A.  The District Court Lacks Subject Matter Jurisdiction.

Petitioner challenges his final order of removal based upon the classification of his prior conviction as an aggravated felony under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(A).  Judicial review of a removal order is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005.  REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act").  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals.  8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  This provision makes clear that this Court does not have jurisdiction to entertain petitioner's challenge to his removal order.  Accordingly, claims by petitioner in which he challenges his final order of removal may not be considered in this habeas corpus action.

B.       Transfer to the Court of Appeals is Not Appropriate.

Title 28 U.S.C. § 1631 provides that if a civil action is filed and the court finds that there is a want of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any such court in which the action or appeal could have been brought at the

REPORT AND RECOMMENDATION
PAGE – 2

1   time it was filed . . ."  28 U.S.C. § 1631.  Thus, under section 1631, the Court must determine

2   whether (1) the Ninth Circuit would have been able to exercise jurisdiction on the date the

3   petition was filed in this Court, (2) this Court lacks jurisdiction over this case, and (3) the

4   transfer is in the interest of justice.  *See Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001).

5         Here, transfer to the Court of Appeals is unnecessary because petitioner has already

6   filed a Petition for Review in the Ninth Circuit Court of Appeals, and received a stay of

7   removal pursuant to Ninth Circuit General Order 6.4(c)(1)(3).  *See* Court of Appeals Docket #

8   06-7544.

9                                III.  <u>CONCLUSION</u>

10        For the foregoing reasons, the Court recommends that this action be dismissed with

11  prejudice.  A proposed Order accompanies this Report and Recommendation.

12        DATED this 6th day of December, 2006.

13

14

15                                           _____
                                             MONICA J. BENTON
16                                           United States Magistrate Judge

17

18

19

20

21

22

23

24

25  REPORT AND RECOMMENDATION
26  PAGE – 3