UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALVINO GUARDIOLA-HERNANDEZ,

        Petitioner(s),

  v.

NEIL CLARK, et al.,

        Respondent(s).

NO. C06-1707P

ORDER ON REPORT AND RECOMMENDATION

The above-entitled Court, having received and reviewed:

1.    Report and Recommendation (Dkt. No. 5)

2.    Petitioner's Opposition to Magistrate's Report and Recommendation (Dkt. No. 6)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, Motion for Emergency Stay and Motion for Alternate Relief of Audita Querela are DISMISSED with prejudice.

On November 24, 2006, Petitioner Alvino Guardiola-Hernandez filed a "Petition for Writ of Habeas Corpus and Motion for Emergency Stay Pending the Mandate of the Court, Motion for Alternate Relief of Audita Querela," challenging his final order of removal entered by the Board of Immigration Appeals on November 2, 2006. The Court lacks subject matter jurisdiction to hear the habeas petition or motion for stay – the REAL ID Act (8 U.S.C. § 1101(a)(43)(A)) clearly provides that the exclusive means of asserting a challenge to a final order of removal is to file a Petition for Review with the appropriate court of appeals.[1] Lacking subject matter jurisdiction, this Court shall order the habeas petition and motion for stay dismissed with prejudice.

---

[1] In fact, Petitioner has already filed a Petition for Review in the Ninth Circuit Court of Appeals and received a stay of removal pursuant to Ninth Circuit General Order 6.4(c)(1)(3). *See* Court of Appeals Docket # 06-7544.

**ORD ON RPT AND RECOMMENDATN - 1**

In his habeas petition, Petitioner argues that he suffered from ineffective assistance of counsel by virtue of his attorney's decision to admit that petitioner's conviction for delivery of a controlled substance in violation of Oregon Revised Statute § 475.992(1)(b) qualified as an aggravated felony and rendered him ineligible for either asylum or cancellation of removal.  In his Opposition to Magistrate's Report and Recommendation, Petitioner argues "that the District court can, on independent motion, relieve the Petitioner of the consequences of his conviction without altering the conviction or the deportation order."  Opposition, p. 1.

Petitioner cites no authority for this proposition, nor does it have any logical or intuitive appeal.  Petitioner is not, in this proceeding, seeking to be relieved of "the consequences of his conviction" so much as to be relieved of the consequences of his attorney's admission regarding his conviction in his removal proceeding.  The REAL ID Act is unequivocal that any such matter must be brought before the appropriate court of appeals (as Petitioner has done); this Court has no jurisdiction over the matter.

**Conclusion**

Lacking subject matter jurisdiction over Petitioner's matter, this Court orders his petition for habeas corpus and all related pleadings to be DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January __17_, 2007

Marsha J. Pechman
U.S. District Judge

ORD ON RPT AND
RECOMMENDATN - 2